# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

COREY DESHUN HALL                                                                                     PLAINTIFF

v.                                          4:18cv00837-JM-JJV

WYNNE, Deputy,
Pulaski County Detention Facility                                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Corey Deshun Hall ("Plaintiff") is confined in the Pulaski County Detention Facility ("PCDF"). He filed a grievance, which was docketed as a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff makes vague allegations that Defendant Deputy Wynne refused to allow him to shower after he vomited, told another detainee Plaintiff "was scared to go up to sub-bay," and, in general, has a "nasty attitude." (Doc. No. 1 at 1.)

To plead a viable claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants deprived him of a right secured by the federal Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004). Plaintiff has not explained how Defendant Wynne's actions violated the Constitution or a federal law. Similarly, his vague and conclusory allegations do not provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a viable § 1983 claim).

I offered Plaintiff an opportunity to amend his Complaint to cure these pleading deficiencies (Doc. No. 7), but he has not done so in the time allowed. Therefore, his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 8th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."